**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 26, 2006**

**TENTH CIRCUIT**

JEFFREY LYNN SCOTT,

      Petitioner-Appellant,

v.

DAVID R. McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 05-3424
(District of Kansas)
(D.C. No. 04-CV-3360-KHV)

**ORDER**

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Jeffrey L. Scott seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Scott has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

A Kansas jury convicted Scott of one count of first degree murder, in violation of Kan. Stat. Ann. § 21-3401(a). Scott appealed his conviction, raising the following five arguments: (1) the evidence was insufficient to show premeditation, (2) the premeditation instruction was improper, (3) the trial court erroneously responded to a jury question outside his presence, (4) the prosecutor's statements during closing argument were improper, and (5) the self-defense instruction was improper. In addition to the five issues raised in his counseled brief, Scott filed a *pro se* supplemental brief raising issues related to the introduction of a pretrial statement he made to police. The Supreme Court of Kansas considered all the arguments but affirmed Scott's conviction. *State v. Scott*, 21 P.3d 516 (Kan. 2001).

Scott then filed a motion for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. In this motion, Scott raised several claims that his trial attorney was constitutionally ineffective. Scott also asserted the trial court erred by failing to hold a hearing on the voluntariness of his pretrial statement. *See Jackson v. Denno*, 378 U.S. 368 (1964). Counsel was appointed by the Kansas district court to represent Scott in the post-conviction proceeding. After a bench trial, the post-conviction motion was denied. The Kansas Court of Appeals affirmed the denial. *Scott v. State*, 88 P.3d 807 (Kan. App. 2004) (unpublished disposition).

Scott filed the instant § 2254 habeas petition on August 7, 2002. In his petition, Scott raised all the issues he presented in his direct appeal and in his state motion for post-conviction relief and also included a cumulative error claim. Scott also asserted the Kansas district court improperly denied him an evidentiary hearing on his ineffective assistance claims and he raised several additional claims based on alleged errors of state law. The district court addressed each of Scott's claims in turn. The court concluded that, to the extent Scott's claims involved only allegations of state law error, the claims were not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, to the extent those claims also implicated Scott's constitutional rights, the court analyzed their merits and concluded Scott was not entitled to relief because he failed to demonstrate his trial was rendered fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). The district court also reviewed the constitutional claims that were previously adjudicated by the Kansas state courts. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded that the state courts' adjudication of those claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The court addressed two of Scott's ineffective assistance claims on the merits, but concluded he was not entitled to habeas relief

on those claims because he had not established prejudice under the second prong of the test set out in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). It also addressed the merits of Scott's claim that the trial court erroneously failed to hold a *Denno* hearing to determine whether his statement to police was voluntary but denied relief on that claim. Finally, the district court concluded Scott procedurally defaulted several of his claims because he did not raise them in state court. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The court did not review of the merits of the defaulted claims because it concluded Scott failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See id*. at 750.

To be entitled to a COA, Scott must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Scott has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Scott need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Scott's application for a COA and appellate brief,[1] the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Scott is not entitled to a COA. The district court's resolution of Scott's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Scott has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Scott's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Scott's Motion for Leave to File Extended Brief is **granted**.